IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:18cr447 |
| | ) | |
| SEAN SLATTERY, | ) | Hon. Anthony J. Trenga |
| | ) | |
| Defendant. | ) | Hearing Date: February 22, 2019 |

## United States' Sentencing Position

The United States of America, through undersigned counsel and in accord with 18 U.S.C. § 3553(a) and the U.S. Sentencing Commission Guidelines Manual ("Guidelines"), hereby provides its position with respect to sentencing for defendant Sean Slattery. The United States requests that this Court adopt the findings of the Pre-Sentence Investigation Report ("PSR"), which indicates that the appropriate Guidelines range is 27–33 months with respect to incarceration.[1] Based on that advisory Guidelines range and the § 3553(a) factors, a sentence of incarceration of 30 months is sufficient, but not greater than necessary, to account for each of the § 3553(a) factors in this case.

In particular, a sentence of 30 months appropriately captures the seriousness of the defendant's repeated decisions to fraudulently obtain money from at least ten elderly victims who had previously been victims of other fraud schemes. Moreover, a sentence of 30 months is necessary to provide general deterrence of fraud schemes, like this one, that victimize vulnerable

---

[1] Included in the PSR's advisory Guidelines calculations is a three-level decrease for acceptance of responsibility. In this respect, the United States agrees with the PSR that the defendant qualifies, pursuant to U.S.S.G. § 3E1.1(a), for a two-level reduction. In addition, the defendant timely notified the United States of his intention to plead guilty, thus permitting the United States to avoid preparing for trial and to allocate its resources more efficiently. Accordingly, the United States hereby moves, pursuant to § 3E1.1(b), to decrease the defendant's offense level by one additional level.

1

victims. The sentence is also appropriate given defendant's prior criminal history, which includes convictions for robbery and retail theft. Accordingly, the United States requests that this Court impose a sentence of imprisonment of 30 months, a period of supervised release of three years, and full restitution and forfeiture as described in greater detail below.

I.      **Factual Background**[2]

From in or around September 2016 through in or around September 2018, defendant and Renee Skye ("Skye") engaged in a scheme to defraud elderly victims who had previously been defrauded by other scams by representing that they worked for a victim restitution fund that would help the victims obtain their "restitution payments" if the victim mailed or wired money to cover the fees and taxes associated with the "restitution payment." Defendant and Skye did not work for a restitution fund and the victims in this case never received any money or services from defendant and Skye.

Specifically, defendant obtained the names, addresses, phone numbers, and additional information about the victims and would call the victims using specialized software to alter his actual telephone number to hide his identity. Defendant would also use aliases during these calls. Defendant would instruct the victims to send cash or money orders through the United States mail or through private and interstate carriers such as Federal Express. On other occasions, defendant would instruct the victims to send payments using money wire services – in fact, at times, defendant instructed the victims to wire payments directly from their bank or retirement accounts.

In total, the defendant defrauded at least ten elderly victims, whose ages ranged from seventy-eight to ninety-five years old and defendant and Skye received a total amount of

---

[2] The PSR and the Statement of Facts signed by the defendant (Doc. No. 36) adequately set forth the offense conduct in this case.

approximately $64,818.23 from these individuals. On September 28, 2018, defendant was arrested at his home. Defendant agreed to speak with law enforcement and admitted to his participation in the fraud scheme and provided several admissions of guilt. On December 4, 2018, defendant pled guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341.

## II.     Guidelines Calculation

As the Court is well aware, although the Guidelines are advisory, sentencing courts "must consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 264 (2005). Thus, at sentencing a court "must first calculate the Guidelines range." *Nelson v. United States*, 555 U.S. 350, 351 (2009). Here, the parties agree that the appropriate Guidelines range with respect to incarceration is 27–33 months. This includes a base offense level of 7, a 6-level enhancement based on a total loss of more than $40,000 but less than $95,000, a 2-level enhancement based on the fact that the offense involved at least ten victims or resulted in financial hardship to one or more victims, a 2-level enhancement based on the defendant's misrepresentation that the defendant was acting on behalf of a government agency, and a 2-level enhancement based on the fact that the defendant knew or should have known the victim of the offense was a vulnerable victim. It also includes a 3-level reduction for the defendant's acceptance of responsibility and timely notification to the United States of his intention to plead guilty. The United States asks this Court to adopt the PSR's findings and advisory Guidelines range in full.

## III.    Section 3553(a) Factors

As the Court is also well aware, after calculating the Guidelines, a sentencing court must then consider that Guidelines range, as well as the sentencing factors set forth in § 3553(a), and determine a sentence that is appropriate and reasonable for the individual defendant. *Nelson*, 555 U.S. at 351; *see also United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). With respect to

§ 3553(a)'s enumerated factors, of particular pertinence here are the "nature and circumstances of the offense," "the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense," the need "to promote respect for the law," the need for the sentence "to afford adequate deterrence to criminal conduct" and the need to "provide restitution to any victims." § 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(7). As explained below, based on those factors, a sentence of 30 months is warranted, appropriate, and reasonable.

    A.    *A sentence of 30 months is necessary based on the nature, circumstances, and seriousness of the offense.*

The defendant's crime was unquestionably serious as it involved defrauding vulnerable victims with very limited incomes. During the scheme in question, defendant defrauded at least ten elderly victims whose ages ranged from seventy-eight to ninety-five years old and on some occasions these victims wired payments from their retirement accounts to defendant. Moreover, these victims were particularly vulnerable as they had been victims of prior scams. Specifically, defendant claimed that he worked for a victim restitution fund and could help the victims obtain restitution regarding prior scams in which the victims had been defrauded if they paid the fees and taxes associated with the "restitution payment." Defendant's lapse in judgment in committing this scheme was not a one-time occurrence. It spanned from in or around September 2016 to in around September 2018 – approximately two years – and involved a large number of victims. In fact, it was defendant's primary source of income as he was largely unemployed during this time. Defendant's repeated conduct of defrauding elderly victims makes clear that the intervention of law enforcement was all that stopped the defendant's conduct.

Moreover, defendant was not the only individual who engaged in this fraud scheme. Renee Skye was also a participant. Prior to her involvement in this scheme, Skye had no criminal history. It appears to the Government that it was defendant's influence that motivated Skye's involvement

4

in this scheme. Accordingly, given the length, scope, and seriousness of the defendant's criminal conduct, a sentence of 30 months is warranted in this case.

      B.     *A sentence of 30 months is necessary in light of the defendant's personal history and characteristics.*

A sentence of 30 months is also necessary in light of the defendant's personal history and characteristics. Defendant has a history of committing repeated criminal offenses, including robbery in 2011 and retail theft in 2016. While it is true that defendant has a significant history of substance abuse and was struggling with this problem during the duration of the fraud scheme at issue, this fact is no excuse for defendant's behavior. Regardless of defendant's substance abuse history, defendant defrauded these vulnerable victims knowing that his behavior was wrong. Defendant is an intelligent, capable individual who had the life experience to make lawful choices, but did not elect to do so in this instance. A sentence of 30 months is thus necessary to account properly for defendant's personal history and characteristics.

      C.     *A sentence of 30 months is necessary to promote respect for the law and afford adequate general deterrence of similar schemes.*

The need for general deterrence also warrants a sentence of 30 months. General deterrence is important in any white-collar case, but is particularly important when the scheme targets vulnerable victims such as the elderly individuals that were defrauded here who had been victims of prior fraud schemes. That is even more so where, as here, the defendant represented that he was acting on behalf of a government agency. Victims are even more susceptible to fraudulent actors when these fraudulent actors represent that they are working for the government and it is particularly important to deter conduct where criminal actors represent that they are acting on behalf of a government agency.

Similarly, generally deterrence is an important factor for crimes, like the defendant's, that are difficult to detect because the victims often lack the resources or information to report the crimes or may be self-conscious about contacting law enforcement. As noted above, crimes like this one require conscious, repeated decision making, and defendants like this one make conscious, repeated decisions to act illegally because they believe the personal financial benefit to them outweighs the likelihood of getting caught and the duration of any potential imprisonment when caught. A term of imprisonment of 30 months is thus necessary to send a message to other potential fraudulent actors that crimes like this one that result in significant financial and emotional losses to the victim – particularly victims like the ones at issue here – will be met with a significant term of incarceration.

## IV.     Restitution

The United States also asks that this Court impose restitution to the victims in the amount of $64,818.23—the total amount agreed upon by the United States and the defendant. The Government asks the Court to enter the forfeiture and restitution orders that will be provided to the Court and defense counsel prior to the hearing.

## V.     Conclusion

For the reasons stated, the United States requests that this Court impose a term of incarceration of 30 months, as well as a period of supervised release of three years.

        Respectfully submitted,

        G. Zachary Terwilliger
        United States Attorney


By:  _____/s/_____
    Monika Moore
    Jamar K. Walker
    Counsel for the United States
    Assistant United States Attorneys
    U.S. Attorney's Office
    2100 Jamieson Ave
    Alexandria, VA
    Phone: 703-299-3700
    Fax: 703-299-3981
    Email: monika.moore@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing ("NEF") to all counsel of record.

By: _____/s/_____
Monika Moore
Counsel for the United States
Assistant United States Attorney
U.S. Attorney's Office
2100 Jamieson Ave
Alexandria, VA
Phone: 703-299-3700
Fax: 703-299-3981
Email: monika.moore@usdoj.gov